IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-04174-RTG

FRANCISCO JUAREZ FARFAN,

Applicant,

v.

U.S. ATTORNEY GENERAL A.G.,
DEPARTMENT HOMELAND SECURITY, DHS,
JUAN BALTAZAR, Warden of Aurora ICE P.C., and
TODD LYONS, Director of ICE in Colorado,

Respondents.

---

**ORDER TO FILE SECOND AMENDED HABEAS APPLICATION**

---

Applicant Francisco Juarez Farfan is a federal immigration detainee at a detention facility in Aurora, Colorado. Applicant has filed *pro se* an amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. (ECF No. 5).

The Court must construe the amended application liberally because Applicant is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the following reasons, Applicant will be ordered to file a second amended application.

## BACKGROUND

On September 4, 2026, the Court directed Applicant to cure certain deficiencies

in this action, one of which was to file an amended pleading that includes specific factual allegations in support of the claim being asserted. (*See* ECF No. 3). As noted above, Applicant has filed an amended application. (ECF No. 5). However, the amended application largely repeats the same vague and conclusory claim Applicant raised in his original pleading titled "Violation of regulator requirements." (*Id.* at p.2). Regarding his specific circumstances, Applicant alleges in support of the claim only that "[o]n Jan. 02, 2026, [he] was detained by ICE agency that ICE did not provide Petitioner with any notice," and that his detention since January 2, 2026, "has become unconstitutionally prolonged" in violation of the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment. (*Id.* at pp.2, 7-8, 15.) The remainder of the amended application consists mostly of repetitive legal argument regarding detention during and after the removal period in 8 U.S.C. § 1231(a) and the Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001). As relief Applicant seeks immediate release subject to conditions of supervision. (*See id.* at pp.10, 12, 18, 20, 28.)

The Court will now turn to the pleading issues presented by the amended application.

## PLEADING ISSUES

Read liberally, the amended § 2241 application raises a claim that Applicant's continued detention after a final order of removal has become unlawful under *Zadvydas v. Davis*, 533 U.S. 678 (2001). But Applicant does not allege the facts needed to

evaluate a *Zadvydas* claim.

Habeas corpus relief is warranted only if Applicant “is in custody in violation of the Constitution or laws or treaties of the United States.” 28 U.S.C. § 2241(c)(3). Although the court must construe the amended application liberally, “the court cannot take on the responsibility of serving as the litigant’s attorney in constructing arguments and searching the record.” *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Under Habeas Rules 2(c)(1) and 2(c)(2), Applicant must identify the specific federal claim he is asserting, and he must provide specific factual allegations in support of the claim. The Habeas Rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005). “A prime purpose of Rule 2(c)’s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to ‘show cause why the writ should not be granted.’” *Id.* at 656 (quoting 28 U.S.C. § 2243). Naked allegations of constitutional violations are not cognizable in a habeas corpus action. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).

Once an order of removal becomes administratively final, the Attorney General’s authority to detain a noncitizen is governed by 8 U.S.C. § 1231, which provides that “when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days,” a period referred to as the “removal

period." 8 U.S.C. § 1231(a)(1)(A). The statute permits the Attorney General to continue detention beyond the removal period if the noncitizen is inadmissible, criminal, or a threat to society or unlikely to comply with the order of removal. 8 U.S.C. § 1231(a)(6). The Supreme Court has interpreted § 1231 as incorporating implied limits on how long a noncitizen may be detained pending removal. *See Zadvydas*, 533 U.S. at 689 (stating that § 1231 "read in light of the Constitution's demands . . . does not permit indefinite detention"). In *Zadvydas*, the Supreme Court held that § 1231 "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal," and such detention only can continue so long as removal is "reasonably foreseeable." *Id.* at 689-90. The Supreme Court set forth six months as the presumptively reasonable" period of post-removal-period detention. *Id.* at 700-01. After the six-month period has elapsed, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701.

Here, Applicant appears to identify the claim he is asserting – a claim challenging under *Zadvydas* challenging his ongoing confinement – but he does not allege specific facts in support of the claim. In particular, Applicant does not allege facts that establish good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. The second amended application must therefore allege to the best of Applicant's knowledge:

- His country of citizenship, and the country an immigration judge ordered him removed to;
- Whether an immigration judge granted him withholding of removal or protection under the Convention Against Torture, and if so, when and as to which country;
- When his removal order became final, whether he appealed to the Board of Immigration Appeals and what the Board decided, and whether any court has stayed his removal;
- His custody history: when Respondents first detained him, whether they ever released him, on what terms and for how long, and the circumstances under which Respondents detained him on January 2, 2026; and
- What Respondents have told him about efforts to remove him – including anything he knows about travel document requests, how long any request has been pending, and whether any country has agreed or refused to accept him.

The second amended habeas application should allege these background facts so the Court can determine whether Applicant's detention is unlawful and whether he is entitled to the relief being requested. Application should not copy legal argument or citations from other cases that is not relevant to his particular circumstances.

## CONCLUSION

Accordingly, it is

ORDERED that Applicant shall have thirty (30) days from the date of this order to file a second amended habeas application providing a clear statement of the federal claims he is asserting and the facts supporting those claims. Applicant must include all claims and allegations in the amended habeas application. It is

FURTHER ORDERED that Applicant shall obtain and utilize the District of Colorado's form Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. The form, along with the applicable instructions, can be found at www.cod.uscourts.gov. It is

FURTHER ORDERED that Applicant must submit a single, completed application on the court-approved form as one document that contains all claims and allegations. Applicant is advised that the Court is not required to sort through multiple pleadings to ascertain his claims or compile the required information from multiple documents. It is

FURTHER ORDERED that if Applicant fails to file a second amended habeas application as directed within the time allowed, the action may be dismissed without further notice.

DATED September 29, 2026.

BY THE COURT:

Richard T. Gurley
United States Magistrate Judge